```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

THURSTLE DALE MULLEN                                              PLAINTIFF

V.                    CASE NO. 2:10-CV-02019

JAMES MICHAEL TAYLOR                                              DEFENDANT

## ORDER

Currently before the Court are Defendant's Motion to Dismiss (Doc. 23) as well as Plaintiff's Motion to Dismiss without Prejudice (Doc. 27) and Defendant's Response (Doc. 28). For the reasons set forth herein, Defendant's Motion to Dismiss is DENIED. Plaintiff's Motion to Dismiss without Prejudice is GRANTED.

Plaintiff Thurstle Dale Mullen brought this action against Defendant James Michael Taylor alleging malicious prosecution. The parties have a history of litigation dating back at least six years to 2005. The Court has reviewed that history insofar as it relates to this case, in addition to conducting a thorough review of the record in the instant matter. Without unnecessarily belaboring the record with a further recitation of the facts and procedural history, the Court, being well and sufficiently advised, turns to the Motions now before the Court.

Taylor's Response (Doc. 28) and accompanying brief in support (Doc. 29) to Mullen's Motion to Dismiss (Doc. 27), raises many of the same arguments which were previously raised by Taylor in his Motion to Dismiss (Doc. 23). The Court will address Taylor's

arguments in turn. Taylor signed an affidavit for warrant of arrest charging Mullen with filing instruments affecting title or interest in real property. (Doc. 1-1). Taylor argues that he cannot be held liable for the Prosecuting Attorney's subsequent actions in amending the charge to a felony and later electing to dismiss the charge. Mullen is alleging malicious prosecution based on the initial signing of the affidavit for warrant of arrest, claiming that any subsequent action stemmed from Taylor's initial decision to prosecute. The Court cannot find that Taylor could not be held liable for his actions, as alleged by Mullen, as a matter of law.

Taylor also argues that Mullen has failed to comply with orders of the Court and his Complaint should be dismissed on those grounds. Mullen did not file a response to Taylor's Motion to Dismiss, but did address - in his own motion for voluntary dismissal - some of the issues raised by Taylor. In pertinent part, Mullen states in his Motion to Dismiss (Doc. 27) that he has been unable to find another attorney to represent him in this matter after the withdrawal of his attorneys just two months before the Court's scheduled trial date. As a *pro se* litigant, Mullen is entitled to some concessions by the Court. *See e.g. Whitson v. Stone County Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010). However, *pro se* litigants are nonetheless expected to comply with substantive and procedural law. *Am. Inmate Paralegal Ass'n v. Cline,* 859 F.2d 59, 61 (8th Cir. 1988).

Taylor cites several instances in which he characterizes

Mullen's actions (or failure to act) as failures to follow court orders. (Doc. 29 at p. 9). Taylor argues, for instance, that Mullen "inexplicably inform[ed] the Magistrate that he would not attend the Pretrial Conference". Mullen informed the Magistrate that he would not be attending the *settlement conference*. While parties are encouraged to engage in a settlement conference with the Magistrate if such a conference would be useful to resolve claims, they are not required to do so. (Doc. 14 at para. 9). The Court also notes that Mullen did comply with the Court's order to notify that he was proceeding *pro se* after being given an extension of time to do so, and Taylor was informed of his compliance. (Doc. 25 at para. 1). The Court finds that any remaining failure of Mullen alleged by Taylor was not so egregious so as to warrant the harsh remedy of dismissal with prejudice in light of the circumstances.

The Court declines to consider the imposition of sanctions, as the current matter has not been fully litigated, and the Court cannot simply rely on Taylor's assertions alone that the claim has not been brought in good faith. The Court notes that Taylor cites the findings of Arkansas state courts in arguing that Mullen must have brought the action in bad faith. At the time when Mullen initiated this action on February 11, 2010, the state case cited by Taylor was pending Mullen's appeal. Furthermore, Taylor did not win that case at the appellate level. Rather, in the state appellate court case cited by Taylor the court found that it lacked appellate jurisdiction because the lower court's finding lacked finality.

*Mullen v. Taylor*, 2010 Ark. App. 398. That opinion was issued May 5, 2010. Furthermore, to the extent that Taylor again raises the issue of subject matter jurisdiction, the reasoning fully explained in the Court's previous order (Doc. 8) remains valid on that point.

Finally, Federal Rule of Civil Procedure 41(a)(2) provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Taylor included in his Answer (Doc. 9) a counterclaim for mandatory attorney's fees under Arkansas law  A.C.A. § 16-22-309. After reviewing the filings and the cited statute, the Court must conclude that Taylor's counterclaim would be more appropriately characterized as a motion or request for attorney's fees and cannot properly be construed as a true counterclaim.  Furthermore, the Arkansas statute requires a finding by the court that there is a complete absence of a justiciable issue before consideration of a mandatory award of attorney's fees becomes appropriate. A.C.A. § 16-22-309. No such determination has been made in this case. As such, any claim, motion, or request for attorney's fees under such statute would be premature at this stage of the proceedings. The Court, therefore, finds no procedural bar to granting Plaintiff's Motion to Dismiss under Federal Rule of Civil Procedure 41(a)(2).

Upon due consideration, and for all of the reasons outlined above, Defendant's Motion to Dismiss (Doc. 23) is DENIED;

Plaintiff's Motion to Dismiss (Doc. 27) is GRANTED, and Plaintiff's complaint is hereby DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(a)(2). Should Plaintiff re-file his complaint in this Court, the Court *will* award duplicative costs and fees to Taylor at that time, and the proceedings will be stayed until Mullen has complied. Should Mullen attempt to re-file his case in another Court, duplicative costs and fees may, and likely will, be considered by such Court at that time.

IT IS SO ORDERED this 18th day of April 2011.

*/s/ Paul K. Holmes, III*
**Paul K. Holmes, III**
**United States District Judge**