```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

THURSTLE DALE MULLEN                                        PLAINTIFF

V.                       CASE NO. 2:10-CV-02019

JAMES MICHAEL TAYLOR                                        DEFENDANT

**ORDER**

Currently before the Court is Defendant's Motion for Reconsideration (Doc. 31) and brief in support (Doc. 32). For the reasons set forth herein, the Court finds that Defendant's Motion (Doc. 31) should be DENIED.

On April 18, 2011, the Court entered an Order denying Defendant James Michael Taylor's Motion to Dismiss and granting Plaintiff Thurstle Dale Mullen's Motion to Dismiss. Mullen's claims were dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Taylor now requests that the Court reconsider its Order, contending that the dismissal of Mullen's claims should be with prejudice. Taylor moves the Court to reconsider or amend its Order under Federal Rules of Civil Procedure 59(e) and 60(b).

"Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care v. P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation omitted). Under Rule 60(b), a party may be relieved from a final judgment, order, or proceeding under certain enumerated circumstances, including the existence of "mistake, inadvertence, surprise, or excusable

neglect." F.R.Civ.P. 60(b). In other words, Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). None of the circumstances envisioned by Rule 59(e) or 60(b) as sufficient for finding that reconsideration may be warranted are present in this case.

Taylor's arguments were fully considered prior to the Court's ruling on the parties' motions to dismiss, and were sufficiently addressed in the Court's Order concerning those motions. The e-mail exhibit attached to Taylor's brief in support (Doc. 32-1) raises no new issues which would necessitate reconsideration of the Court's ruling. While the tone of Mr. Mullen's e-mail undoubtedly leaves something to be desired, the fact that he may plan to refile his claims is not grounds to reconsider the Court's dismissal without prejudice under Rule 41(a)(2). Implicit within an order dismissing an action without prejudice is the fact that the action can be refiled if the plaintiff so desires. The judicial discretion afforded the courts by Rule 41(a)(2) allows the Court to order a dismissal without prejudice "unless the defendant would suffer some plain legal prejudice *other than the mere prospect of a second lawsuit*." *New York, C. & St. L. R. Co. v. Vardaman*, 181 F.2d 769, 770 (8th Cir. 1950)(internal quotations omitted)(emphasis added).

Defendant's instant Motion does nothing to alter the propriety of the Court's initial decision to dismiss Mullen's claims without prejudice pursuant to Rule 41(a)(2). Accordingly, Defendant's

Motion for Reconsideration (Doc. 31) is hereby DENIED. The Court reiterates that duplicative costs and fees may, and likely will, be considered upon Plaintiff's refiling of his claims.

    IT IS SO ORDERED this 9th day of June 2011.

                                              */s/ Paul K. Holmes, III*
                                              **Paul K. Holmes, III**
                                              **United States District Judge**